IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK JAMES HELTON,

                    Plaintiff,

   v.                                                    OPINION & ORDER

SLUMBERLAND FURNITURE, GREGORY STUMP,          15-cv-531-jdp
JESSE SMITH, CRAIG CASK, PAIGE PALMER,
RYAN MATTSON, and MARY HESCH,[1]

                    Defendants.

---

Pro se plaintiff Patrick James Helton has filed a complaint against his former employer and several of his former coworkers and supervisors. Plaintiff alleges that a former coworker sexually assaulted him and that defendants retaliated against him after he reported the assault. The court granted plaintiff leave to proceed *in forma pauperis*. Dkt. 3.

The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. When screening a *pro se* litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

After considering plaintiff's allegations, I will dismiss his complaint for failing to comply with Federal Rule of Civil Procedure 8, and I will direct him to file an amended complaint that clarifies his federal claim.

---

[1] I have updated the caption to include all defendants plaintiff explicitly identifies as defendants in his complaint.

ALLEGATIONS OF FACT

I draw the following facts from plaintiff's complaint.

It appears that plaintiff and the individual defendants worked for Slumberland Furniture during the events plaintiff describes. In June 2014, plaintiff traveled to Minnesota for job training. On June 8, 2014, defendant Gregory Stump, a coworker, verbally, physically, and sexually assaulted plaintiff; Stump was charged with fifth-degree sexual assault in Ramsey County, Minnesota.  The following day, defendant Paige Palmer, assistant general manager, told plaintiff that he should not say anything because she "didn't want a defamation lawsuit[.]" Dkt. 1, at 3. Slumberland human resources personnel referred the situation to defendant Mary Hesch, the owner, for investigation.

Several days later, Ramsey County released Stump. Plaintiff texted defendant Palmer and told her that he was "terrified," but Palmer responded "he won't hurt you, he was drunk." *Id.* at 4. Plaintiff completed his training and returned to Wisconsin on June 13, 2014, where another Slumberland employee, Robert Sprague, told plaintiff that he had warned defendant Jesse Smith, the general manager, and defendant Hesch about Stump and had cautioned against Stump and plaintiff rooming together during training.

In July 2014, plaintiff transferred to a new position in sales at the Stevens Point, Wisconsin, Slumberland store. At that time, plaintiff filed a workers' compensation claim and asked for time off "for healing and counseling." *Id.* Defendant Hesch denied the request. Plaintiff mentions that at this point, defendant Hesch had given him permission to make purchases from the store.

Plaintiff's complaint is difficult to follow at times, but in August 2014, plaintiff appears to have lost a few of his commissions, for unexplained reasons. Defendant Smith

2

began calling plaintiff at the store to harass him when he made mistakes. At some point, defendant Smith told plaintiff, "we don't want another Minnesota incident and that is why your [sic] in the Point location." *Id.*

In January 2015, plaintiff caught defendant Hesch going through his personal phone. Hesch threatened plaintiff because she believed that plaintiff was "coming after [her]" for "lots of money." *Id.* at 4-5.

On January 15, 2015, plaintiff was informed that he owed the company over $12,000 for purchases he made. Again, plaintiff's story is confusing at times, but it appears that plaintiff denied that he owed that much. Defendants Smith and Hesch forced plaintiff to sign some form—"write ups"—acknowledging the debt, and they threatened to have plaintiff's daughter taken from him. The following day, plaintiff was terminated for making a purchase without manager approval, although plaintiff maintains that he had defendant Hesch's approval. Defendants Smith and Ryan Mattson, assistant warehouse manager, then came to plaintiff's home to repossess much of his furniture. Plaintiff appears to allege that the receipts and paperwork were incorrect, and that defendant Hesch kept incorrect purchase records. Plaintiff was eventually criminally charged with theft.

Plaintiff concludes his complaint by stating that he brings claims for retaliation for reporting sexual assault, sexual harassment, assault and battery, negligent hiring and retention, PTSD, harassment, failure to file workers compensation claim, pain and suffering, slander, defamation, and punitive damages.

ANALYSIS

Most of plaintiff's claims—assault, negligence, etc.—are state-law claims. Because the parties are not diverse in citizenship, I may exercise subject matter jurisdiction over plaintiff's claims only if he brings at least one claim that raises a question of federal law.[2] Plaintiff potentially brings one federal claim: retaliation for reporting Stump's assault, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

"Title VII makes it unlawful for an employer to discriminate against any of his employees or applicants for employment because he has opposed any practice made an unlawful employment practice by Title VII." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 662 (7th Cir. 2006) (internal quotation marks and alterations omitted). A plaintiff may prove Title VII retaliation under either the direct method or the indirect method of proof. *Id.* "Under the direct method, a plaintiff must show that '(1) he engaged in statutorily protected activity; (2) he suffered an adverse action taken by the employer; and (3) [there was] a causal connection between the two.'" *Id.* at 663 (quoting *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 903 (7th Cir. 2005)). Under the indirect method, plaintiff must make out a prima facie case of retaliation by alleging that: (1) he engaged in statutorily protected activity; (2) he met his employer's legitimate expectations; (2) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Id.*

---

[2] Plaintiff alleges that he is a citizen of Wisconsin and that at least one of the individual defendants, Mary Hesch, is also a citizen of Wisconsin. "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).

4

Of particular relevance to plaintiff's claim, "Title VII prohibits employers from retaliating against employees who 'oppose' sexual harassment. Moreover, we have previously held that sexual contact may constitute sexual harassment." *Worth v. Tyer*, 276 F.3d 249, 265 (7th Cir. 2001) (internal citation omitted) (concluding that when an employee reported that a coworker had sexually assaulted her while in her office, she engaged in protected activity).

At this point, I am going to instruct plaintiff to amend his complaint to clarify that he has brought a federal claim. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Right now, plaintiff has alleged that he engaged in a protected activity—reporting Stump's sexual assault—and that his employer ultimately fired him. (Plaintiff does not allege any facts that would suggest that his transfer to the Stevens Point store was an adverse employment action.) But plaintiff does not allege any facts that connect the protected activity to the adverse employment action. In fact, plaintiff seems to concede that his employer fired him for *other* reasons, regarding his purchasing balance. Nor does plaintiff allege any facts that would suggest that his employer treated him less favorably than similarly situated employees. When he drafts his amended complaint, plaintiff should connect specific aspects of his story to his Title VII retaliation claim.

When plaintiff clarifies his federal claim, he should also clean up his state law claims. Plaintiff has told a story, which helps me understand what happened to him and why and how the named defendants harmed him. But plaintiff's story is difficult to follow at times,

5

and it is especially difficult to determine which defendants are responsible for which alleged wrongdoings. Construing plaintiff's allegations generously, he likely intends to bring claims for: (1) sexual assault against defendant Stump; (2) negligence against defendants Smith and Hesch for allowing Stump and plaintiff to room together during training; and (3) fraud against defendants Hesch and Smith for misrepresenting how much money plaintiff owed the company and for wrongly repossessing his property. If these are not the claims that plaintiff intends to bring, or if plaintiff intends to bring other claims, he will need to specifically articulate what each defendant did to harm him.

And at this point, plaintiff has not sufficiently implicated defendants Cask, Palmer, or Mattson in any wrongdoing. He alleges that Palmer brushed aside his worries about Stump after the assault, but these allegations do not state a claim under either federal or state law. Palmer's failure to provide any "empathy or support at all," as plaintiff alleges, is a not a claim. Dkt. 1, at 4. Plaintiff does not implicate Cask in any wrongdoing. And plaintiff only implicates Mattson for his involvement in removing furniture from plaintiff's home, but Mattson appears to have acted pursuant to Hesch's and Smith's orders. If plaintiff intends to maintain claims against these defendants, he will need to specifically allege what they did to harm him.

Plaintiff's story is confusing and disconnected. And the fact that plaintiff lists a number of state law causes of action at the end of the complaint—a list which is completely separate from the story he tells—is not particularly helpful. When he drafts his amended complaint, plaintiff must, first and foremost, clarify his federal claim, but he should also tell his story clearly and specifically tell me what each individual defendant did to harm him.

ORDER

IT IS ORDERED that:

1. Plaintiff Patrick James Helton's complaint, Dkt. 1, is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until June 22, 2016, to file an amended complaint addressing the problems articulated in this opinion. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing this case.

Entered June 1, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

7