IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PATRICK JAMES HELTON,

                      Plaintiff,

  v.

SLUMBERLAND FURNITURE,

                      Defendant.

ORDER

15-cv-531-jdp

---

      Pro se plaintiff Patrick James Helton filed a complaint against his former employer and several of his former coworkers and supervisors. Plaintiff alleged that a former coworker sexually assaulted him and that his employer retaliated against him after he reported the assault. After considering plaintiff's allegations, I granted plaintiff leave to proceed on a Title VII retaliation claim against his employer, defendant Slumberland Furniture. Dkt. 6.

      Pursuant to my order granting plaintiff leave to proceed, the United States Marshals Service served defendant—or, rather, the entity that they thought plaintiff named as defendant. Plaintiff named "Slumberland Furniture" as a defendant, and the Marshals Service served "Slumberland, Inc." Now Slumberland, Inc. has moved to be dismissed from this case, stating that it was not nor has it ever been plaintiff's employer. Slumberland, Inc. represents that "Slumberland Furniture"—the named defendant in this case—is not a legal entity. Rather, it is a trademark. It appears that plaintiff worked for a "Slumberland Furniture" franchise, owned and operated by Hesch of Stevens Point, Inc. (HSPI). Relying on Slumberland, Inc.'s submissions, and the fact that plaintiff has not opposed the motion to dismiss, I conclude that Slumberland, Inc. is not the appropriate defendant.

As I explained in a previous order, Title VII prohibits *employers* from discriminating or retaliating against employees. Plaintiff's claims are directed at his employer, and it appears that he has not identified, and that the Marshals have not served, the correct entity. I will dismiss Slumberland, Inc., as plaintiff does not bring any claims against it. But I will keep "Slumberland Furniture" as a placeholder defendant for the time being. Plaintiff had the opportunity to respond to the motion to dismiss; he missed his opportunity to request that the court substitute the correct defendant. That said, I will give plaintiff one final opportunity to keep his case alive. Plaintiff will have a short deadline to file a motion to substitute his actual employer as a defendant in this case. If plaintiff does not timely file a motion to substitute, I will dismiss this case for failure to prosecute.

ORDER

IT IS ORDERED that:

1. Slumberland, Inc.'s motion to dismiss, Dkt. 9, is GRANTED. Slumberland, Inc. is DISMISSED from this case.

2. "Slumberland Furniture" will remain as a placeholder defendant in this case until plaintiff has the opportunity to identify and move to substitute his actual employer for "Slumberland Furniture." Plaintiff must file a motion to substitute by September 13, 2016. If plaintiff does not timely file a motion to substitute, I will dismiss this case for failure to prosecute.

Entered August 30, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge